UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| CODY WILBURN, | |
| Plaintiff, | Case No. 2:25-cv-00027 |
| v. | Judge Waverly D. Crenshaw, Jr. |
| | Magistrate Judge Luke A. Evans |
| FATEH CARRIERS, INC. & JASMER SINGH, | |
| Defendants. | |

## MEMORANDUM ORDER

Plaintiff Cody Wilburn moves to amend his complaint. (Doc. No. 22.) Defendants Fateh Carriers, Inc. and Jasmer Singh responded in opposition. (Doc. No. 25.) This matter is ripe for decision. For the reasons stated herein, the Plaintiff's motion is GRANTED.

### I.       Background

Plaintiff filed his initial complaint on April 18, 2025 (Doc. No. 1) and Defendants jointly answered on May 30, 2025 (Doc No. 14). The Court entered its initial case management order on July 14, 2025. (Doc. No. 19.) The order provided a deadline of September 5, 2025, to amend pleadings, including the complaint. (*Id.*) On October 1, 2025, Plaintiff filed the instant motion. On October 3, 2025, Plaintiff filed a motion for resolution of a discovery dispute claiming that "substantial discovery remains outstanding." (Doc. No. 23.) The Court conducted a discovery dispute conference and entered an order finding that Defendants had not fully responded to discovery. (Doc No. 28.) The Court found that Defendants had "far exceeded" the discovery deadline" and failed to show any reason for their failure to provide full responses to Plaintiff's

requests. (*Id.*) The Court ordered Defendants to fully respond to the discovery requests no later than October 30, 2025. (*Id.*)

## II.       Legal Standard

Federal Rule of Civil Procedure 15(a) typically governs motions to amend the pleadings before trial. Fed. R. Civ. P. 15(a). However, where, as here, a motion to amend is filed after the deadline set by the Court's scheduling order, Rule 16(b)'s directions regarding the modification of case management orders also apply. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Rule 16(b)(4) provides that deadlines to amend pleadings set by a court's scheduling order can be extended "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This rule was "designed to ensure that 'at some point both the parties and the pleadings will be fixed.'" *Leary*, 349 F.3d at 906 (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment). Thus, "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Id.* at 909. The "good cause" requirement in Rule 16 is only satisfied where the movant shows "that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014).

If the Court finds that good cause exists, it then considers whether amendment is appropriate under Rule 15. Rule 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any

2

apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" *Leary*, 349 F.3d at 905 (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A district court's order denying a Rule 15(a) motion to amend is usually reviewed for an abuse of discretion." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *but see id.* (reviewing *de novo* district court's denial of "motion for leave to amend on the basis of futility"). Nevertheless, Sixth Circuit case law "'manifests "liberality in allowing amendments to a complaint."'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

### III. Analysis

In the instant motion, Plaintiff seeks to amend his complaint, after the deadline, to "add Count IX for removal of statutory damage caps pursuant to Tennessee Code Ann. § 29-39-102 based on Defendants' destruction, concealment, and/or falsification of material records, including but not limited to electronic logging device data, hours of service records, and Defendant Singh's cellular phone and related records." (Doc. No. 22 at 1, ¶ 3.) Plaintiff claims that good cause exists to extend the deadline and allow the amendment because he did not receive the necessary information from Defendants until after the deadline to amend had passed. (Doc. No. 22.) Defendants oppose the amendment, claiming that Plaintiff has failed to show good cause why the

3

scheduling order should be extended, the amendment would be futile, and removing the statutory cap would constitute an inappropriate penalty. (Doc. No.25.)

The Court finds that Plaintiff has established good cause to extend the deadline to amend his complaint as required under Rule 16(b). Plaintiff served discovery on the Defendants on July 3, 2025. (Doc. No. 22.) Defendants failed to fully respond to those requests for information until after being ordered to do so on October 16, 2025. "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)) The Court finds that Plaintiff diligently attempted to comply with the scheduling order. In fact, Plaintiff's failure to meet the deadline falls squarely on the Defendants' shoulders. Simply stated, Plaintiff cannot be expected to determine whether to amend its pleadings when he is not in possession of necessary information. Such is the situation at hand; therefore, the Court finds that the original deadline could not have reasonably been met despite Plaintiff's due diligence. The Court further finds that Defendants will not suffer prejudice by allowing the amendment. Plaintiff asserts that the proposed amendment will not prejudice Defendants. (Doc. No. 22.) In response (Doc. No. 25), Defendants do not specifically identify any prejudice that they will suffer if that Court allows an extension of the deadline to amend, thus, the Court finds that the Defendant will not be prejudiced.

Having found that there is good cause to extend the deadline to amend, the Court must next address whether the amendment is appropriate under Rule 15. Courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). As articulated above, Defendants cannot be allowed to thwart Plaintiff's attempt to amend by simply running out the clock. Defendants next claim that the amendment would be futile because "the

value of this case is nowhere near the statutory cap so much so that it is highly unlikely Plaintiff would be able to recover an amount even close to the current cap, and certainly not beyond the cap, at trial." (Doc. No. 25 at 3, ¶ 13.) However, Defendants offer no support for this claim aside from their conclusory allegation. Defendants further contend that "removing the statutory cap on damages would constitute an inappropriate penalty" (*Id.*, ¶ 14.) But, again, Defendants fail to support this claim outside their conclusory allegation. The Court finds that justice requires that Plaintiff be allowed to amend his complaint.

### IV. Conclusion

For these reasons, Plaintiff's motion for leave to amend the complaint (Doc. No. 22) is GRANTED. The Clerk's Office is DIRECTED to docket Plaintiff's proposed amendment at docket entry 22-1 as Plaintiff's First Amended Complaint.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge